<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ROBERT SMITH,** | |
| **Plaintiff,** | Civil Action No. 16-4986-BRM-DEA |
| v. | |
| **NOLAN J. HILLMAN,** | **OPINION** |
| **Defendant.** | |

**MARTINOTTI, DISTRICT JUDGE**

    Before this Court is the complaint of Plaintiff Robert Smith ("Plaintiff") (Dkt. No. 1), and Plaintiff's application to proceed *in forma pauperis*. (Dkt. Nos. 3-4.) The Court has *sua sponte* screened the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. For the reasons set forth below, the Court **GRANTS** Plaintiff's application for leave to proceed *in forma pauperis* and Order this matter reopened, but **DISMISSES** Plaintiff's complaint without prejudice for failure to state a claim for which relief can be granted.

**I.  BACKGROUND**

    Plaintiff is currently detained at the federal detention center in Philadelphia, Pennsylvania. (Dkt. No. 1.) On or about August 12, 2016, Plaintiff attempted to file a complaint, in the form of a short letter, against a judge of this Court, Hon. Noel Hillman, U.S.D.J. (i/s/h/a Nolan J. Hillman). (*Id*.) The only factual basis for Plaintiff's claims alleged in the complaint is as follows: "[in] August[] 2016, in the U.S. District Court for the District of New Jersey Nolan J. Hillman, a public servant, acting as Judge of said Court, did knowingly and treasonously deprive me of life, liberty, and property (organic Constitution, Articles of Amendment 5) without due process of law, by

enforcing unconstitutional 'color of law' against me, a direct violation of the Oath or Affirmation to uphold the organic Constitution (organic Constitution, Article 6, Clause 2 and 3)." (*Id.*) Except to state he is a United States citizen, the complaint alleges no other facts in support of Plaintiff's claims. (*Id.*) Despite labeling his complaint as a "criminal complaint in law," the Court interprets Plaintiff's claim against Judge Hillman under 42 U.S.C. § 1983 for unspecified violations of his Due Process rights under the Fifth Amendment. (*Id.*)

## II.  LEGAL STANDARD

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) (the "PLRA"), district courts must review the complaints in all civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks damages from a state employee. *See* 28 U.S.C. § 1915A. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. This action is subject to *sua sponte* screening for dismissal because Plaintiff is a federal prisoner who has been granted *in forma pauperis* status and is seeking redress from a governmental employee. *Id*.

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**III.   DECISION**

Plaintiff attempts to raise a claim pursuant to 42 U.S.C. § 1983 for a violation of his Due Process rights by a federal judge. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (section 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]"). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1998)). Here, Plaintiff appears to be raising a claim for a violation of his Due Process rights by Judge Hillman. However, Plaintiff's complaint fails to provide any factual basis to support such a claim and, instead, asserts only the conclusory allegation that Judge Hillman violated his rights.

Under Federal Rule of Civil Procedure 8(a)(2), a civil plaintiff in his complaint is required to set forth "a short and plain statement of [his] claim showing that [he] is entitled to relief." While the Rule 8 does not require a plaintiff to provide detailed factual allegations, a plaintiff must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Compliance with Rule 8 requires a plaintiff to "give the defendants fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545 (internal citation omitted). Plaintiff's complaint does not meet this burden. The unadorned, conclusory allegation that Judge Hillman somehow violated his Due Process rights fails to provide the short and plain

statement of his claims required by Fed. R. Civ. P. 8. Accordingly, Plaintiff's complaint must be dismissed without prejudice for failure to state a claim for relief.[1]

### IV. CONCLUSION

For the reasons stated above, Plaintiff's application to proceed *in forma pauperis* is **GRANTED** and Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** in its entirety. An appropriate order follows.

Date: October 25, 2016          */s/ Brian R. Martinotti*
                                **HON. BRIAN R. MARTINOTTI**
                                **UNITED STATES DISTRICT JUDGE**

---

[1] The Court notes that, because Judge Hillman is a federal judge and by Plaintiff's own assertion was "acting as a Judge" at the time of the alleged, unspecified wrong, it is likely Judge Hillman will be immune from any and all liability unless Plaintiff could show Judge Hillman was acting "in the clear absence of all jurisdiction." *See, e.g., Kwasnik v. Leblon*, 228 F. App'x 238, 243 (3d Cir. 2007) (judges acting in the performance of their duties are absolutely immune from suit, and will be subject to liability only when they act "in the clear absence of all jurisdiction"); *see also Mireles v. Waco*, 502 U.S. 9, 12 (1991). Because the Court dismisses Plaintiff's complaint without prejudice for failing to state a claim, the Court need not decide the issue of immunity at this time.